IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN N. BAKER, | : | No.  4:CV-05-281 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JEFFREY A. BEARD, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**June 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Bryan N. Baker ("Plaintiff" or "Baker"), a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 ("§ 1983") action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 8, 2005.  (See Rec. Doc. 1).  The case was referred to Magistrate Judge J. Andrew Smyser for preliminary review.

On March 1, 2005, Magistrate Judge Smyser issued a report recommending that the Pennsylvania Board of Probation and Parole ("the Board") be dismissed from this action as Plaintiff's claim is barred by the Eleventh Amendment.[1]  On

---

[1] We note that also on March 1, 2005, the Magistrate Judge issued an order granting Plaintiff's Application to Proceed *In Forma Pauperis*, directing service of Plaintiff's Motion for a Preliminary Injunction on Defendants, and set a briefing schedule for Plaintiff's Motion for a

March 31, 2005, we granted the Magistrate Judge's report in its entirety and denied Plaintiff's Motion to Consolidate this case with Sides v. Marsh, 1:04-cv-1349 (doc. 11). (See Rec. Docs. 10, 14).

On May 27, 2005, Magistrate Judge Smyser issued a report recommending that Plaintiff's Motion for a Preliminary Injunction be denied as Plaintiff does not have a reasonable probability of success on the merits of his claims and Plaintiff will not be irreparably injured if a preliminary injunction is not issued. (See Rep. & Rec. at 10-11).

Objections to the report were due on June 13, 2005 and to date none have been filed.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

---

Preliminary Injunction. (See Rec. Doc. 9).

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

First, as the Magistrate Judge explained, to obtain a preliminary injunction, the moving party must show the following: (1) a reasonable probability of success on the merits of the litigation; (2) that the movant will be irreparably injured pendente lite if relief is not granted; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) the public interest.  See Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(quoting Delaware River Port Auth. v. Transamerican Trailer Transp., Inc., 501 F.2d 917, 919-20 (3d Cir. 1974)) (internal citations omitted).  Second, after a careful review of the record, we agree with the Magistrate Judge that it is not likely that Plaintiff will succeed at trial in proving by a preponderance of the evidence that Defendants have been or are deliberately indifferent to a serious medical need of Plaintiff.  Finally, we are in agreement with the Magistrate Judge that Plaintiff will not be irreparably injured if a preliminary injunction is not issued in the case sub judice.

As Plaintiff has therefore not demonstrated the afore-stated factors necessary to obtain a preliminary injunction, Plaintiff's Motion for a Preliminary Injunction is denied.  Because we find no error in Magistrate Judge Smyser's report and recommendation and, because no objections have been filed, we will adopt the report as our own.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyer's Report and Recommendation (doc. 40) is adopted in its entirety.

2. Plaintiff's Motion for a Preliminary Injunction (doc. 4) is DENIED.

3. The case and any pending motions are remanded to Magistrate Judge Smyser for further proceedings in this case.

s/ John E. Jones III
John E. Jones III
United States District Judge