```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN N. BAKER,                    : CIVIL NO: 4:CV-05-00281
          Plaintiff                :
                                   : (Judge Jones)
     v.                            :
                                   : (Magistrate Judge Smyser)
JEFFREY A. BEARD,                  :
DONALD KELCHNER,                   :
A. NEWTON,                         :
ROBERT MARSH, JR.,                 :
BLAINE STEIGERWALT,                :
RICHARD SOUTHERS,                  :
KENNETH D. KYLER,                  :
FREDERICK WAWROSE,                 :
J.L. GRACE,                        :
A.S. WILLIAMSON, and               :
R.M. LAWLER,                       :
          Defendants               :
```

**ORDER**

On April 29, 2005, defendant Newton filed a motion to dismiss or for summary judgment, a statement of undisputed material facts, and a brief in support of his motion.

Also on April 29, 2005, defendant Newton filed a motion to submit an exhibit appendix to his motion to dismiss or for summary judgment under seal. In his motion to dismiss or for summary judgment, defendant Newton refers to various portions of the plaintiff's prison mental health records. He asserts

that those records contain sensitive information concerning the plaintiff's mental health status and treatment.  In particular, he asserts that pages 64-67 and 69 are confidential and should not be disclosed to the plaintiff.  Defendant Newton states that he addressed the issue of the confidentiality of the plaintiff's records by filing an exhibit appendix including pages 64-67 & 69 *in camera* for the court's review.

Defendant Newton further states that, with the exception of pages 64-67 & 69, the plaintiff is entitled to copies of the exhibits he submitted.  However, he continues that even the documents that the plaintiff is entitled to receive copies of are confidential and should not be available for public inspection through the court's Electronic Case Filing System.  Defendant Newton is seeking permission to file his exhibit appendix under seal.[1]

We will grant defendant Newton's motion to file his exhibit appendix under seal.

There remains, however, the question of the propriety of defendant Newton submitting pages 64-67 & 69 to the court *in*

---

1.  Defendant Newton's exhibit appendix is currently docketed as a "proposed sealed document." *See Doc. 32.* We note that Doc. 32 does not contain pages 64-67 but does contain page 69.

*camera.* It is not appropriate for the court to consider in connection with the defendant's motion to dismiss or for summary judgment documents which have not been served on the plaintiff.

With limited exceptions, a court may not decide the merits of a case based on evidence kept secret from one of the parties. *Pack v. Beyer*, 157 F.R.D. 219, 223 (D.N.J. 1993)("Our adversarial legal system generally does not ordinarily tolerate ex parte determinations on the merits of a civil case."); *Association for Reduction of Violence v. Hall*, 734 F.2d 63 (1st Cir. 1984)(reversing and remanding case to the district court which had granted partial summary judgment to defendants on the basis of privileged documents and stating that if the defendants renew their motion for summary judgment the district court will have to rule on the motion without relying on privileged materials); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996)("Although a judge freely may use *in camera*, *ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution of the dispute."). The court in

3

*Abourezk v. Reagan*, 785 F.2d 1043, 1060-61 (D.C. Cir. 1986), *aff'd*, 484 U.S. 1 (1987), summarized the general rule and the exceptions to that rule as follows:

> It is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment. The openness of judicial proceedings serves to preserve both the appearance and the reality of fairness in the adjudications of United States courts. It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions. *See In re Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir.1981).
> Exceptions to the main rule are both few and tightly contained. Most notably, inspection of materials by a judge isolated in chambers may occur when a party seeks *to prevent use* of the materials in the litigation. When one side, seeking to block consideration of relevant matter, asserts an evidentiary privilege, the court may inspect the evidence *in camera* and alone for the limited purpose of determining whether the asserted privilege is genuinely applicable. *See id.* If the court finds that the claimed privilege does not apply, then the other side must be given access to the information; if the court's finding is that the privilege does apply, then the court may not rely upon the information in reaching its judgment. *See Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C.Cir. 1983), *cert. denied sub nom. Russo v. Mitchell*, 465 U.S. 1038, 104 S.Ct. 1316, 79 L.Ed.2d 712 (1984). In either case, no party will be faced--as were the plaintiffs in this case--with a decision against him based on evidence he was never permitted to see and to rebut.
> Only in the most extraordinary circumstances does our precedent countenance court reliance upon *ex parte* evidence to decide the merits of a dispute. Our one case in point, *Molerio v. Federal Bureau of Investigation*, 749 F.2d 815 (D.C.Cir. 1984),

> involved the state secrets privilege, a privilege not invoked in this case. The government pressed acute national security concerns in *Molerio*, and we recognized a large risk that an unjust result would eventuate if the case proceeded without the privileged material. *See id*. at 825. While we allowed court recourse to the confidential information in *Molerio*, we based that allowance upon proper invocation of the privilege; a demonstration of compelling national security concerns; and public disclosure by the government, prior to any *in camera* examination, of as much of the material as it could divulge without compromising the privilege. In addition, the plaintiff in *Molerio* had been accorded considerable discovery of non-privileged materials. *See id.* at 819; *see also Ellsberg*, 709 F.2d at 63-64.
> 	We mention finally a third class of cases in which *in camera* inspection may occur: exceptions to the main rule specified by statute. The prime current example is the Freedom of Information Act, 5 U.S.C. s 552 (1982). Even in administering such legislation, however, we have been vigilant to confine to a narrow path submissions not in accord with our general mode of open proceedings. *See, e.g., Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)(requiring the government to create a public index listing privileged documents and providing explanations of the claim of privilege).

The documents submitted to the court *in camera* in this case obviously do not impact national security. Defendant Newton has not shown any extraordinary circumstance which would justify the court's reliance upon the *in camera* documents as a basis for an adjudication against the plaintiff, who has not had the opportunity to see the documents or to attempt to

5

refute any damaging information in those documents.  Thus, when addressing defendant Newton's motion to dismiss or for summary judgment we will not consider the documents submitted *in camera*.

It is not clear which, if any, of the pages of his exhibit appendix defendant Newton has served on the plaintiff.[2] Defendant Newton will be granted permission to file his exhibit appendix under seal and when he does so he shall file with it a certificate of service specifically indicating the date the plaintiff was served with the appendix.

Further, since the court will not consider the documents submitted *in camera* when addressing the merits of defendant Newton's motion to dismiss or for summary judgment, we will provide defendant Newton with an opportunity to decide whether or not to serve those documents on the plaintiff.  If defendant Newton decides to maintain his position that the plaintiff is not entitled to see those documents, defendant Newton shall file redacted copies of his motion, brief,

---

2.  Defendant Newton's proposed exhibit appendix - doc. 32 - contains a certificate of service indicating that is was served on the plaintiff.  As noted previously doc. 32 does contain page 69. The plaintiff states in his brief in opposition to defendant Newton's motion to dismiss or for summary judgment that he does not have pages 86-106 of the exhibits. *See Doc. 43.* It is not clear if the plaintiff is asserting that these are the only pages he does not have.

statement of facts and affidavit that eliminate any references to those documents and any arguments regarding inferences that the court should draw from those documents.

**IT IS ORDERED** that defendant Newton's motion (doc. 30) to file his exhibit appendix under seal is **GRANTED**.  Within five days of the date of this Order defendant Newton shall file his exhibit appendix under seal.  Also within five days of the date of this Order defendant Newton shall file a certificate of service specifically indicating the date the plaintiff was served with the appendix, and, if necessary, redacted copies of his motion to dismiss or for summary judgment, statement of material facts, brief and affidavit.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

DATED: July 14, 2005.