IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN N. BAKER, | : | No.  4:CV-05-281 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JEFFREY A. BEARD, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**August 15, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Brian N. Baker ("Plaintiff" or "Baker"), a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 ("§ 1983") action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 8, 2005.  (<u>See</u> Rec. Doc. 1).  The case was referred to Magistrate Judge J. Andrew Smyser for preliminary review.

On April 29, 2005, the Corrections Defendants[1] filed a Motion to Dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6)  ("the Motion"), which has been

---

[1] We will refer to the following defendants as the "Corrections Defendants," as did the Magistrate Judge in his report: Jeffrey A. Beard, Donald Kelchner, Robert Marsh, Jr., Blaine Steigerwalt, Richard Southers, K.D. Kyler, Frederick Wawrose, J. L. Grace, A.S. Williamson, and R.M. Lawler.

briefed by the parties. On July 19, 2005, Magistrate Judge Smyser issued a report recommending that the Corrections Defendants' Motion be denied and that the case be remanded for further proceedings. (See Rep. & Rec. at 13-14).

Objections to the report were due on August 5, 2005 and to date none have been filed.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only

whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

First, as the Magistrate Judge submitted, Fed.R.Civ.P. 8(a)(2) requires that the complaint include "a short and plain statement of the claim showing theat the pleader is entitled to relief," and the Third Circuit Court of Appeals has instructed that a "plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery."  Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998).  The statement required by Fed.R.Civ.P. 8(a)(2) must give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.  See Swierkiewicz v. Sorema, 534

U.S. 506, 512 (2002); see also Conley v. Gibson, 355 U.S. 41, 47 (1957).  We are in agreement with the Magistrate Judge's determination that Plaintiff's complaint satisfies the standards of notice pleading pursuant to the Federal Rules and that Plaintiff has sufficiently alleged that the Corrections Defendants were personally involved in the events underlying the claims asserted, as elaborated upon by the Magistrate Judge.  (See Rep. & Rec. at 9-10).   Second, we agree with the Magistrate Judge that Plaintiff has stated an Eighth Amendment claim as he has alleged that all of the named defendants are sued for being deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97 (1976); Rec. Doc. 1 at 2, ¶ 1; Rep. & Rec. at 10.

     Because we find no error in Magistrate Judge Smyser's report and recommendation and, because no objections have been filed, we will adopt the report as our own.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyer's Report and Recommendation (doc. 52) is adopted in its entirety.

2. The Motion to Dismiss filed by the Corrections Defendants is DENIED.

3. The case and any pending motions filed in the case <u>sub judice</u> are remanded to Magistrate Judge Smyser for further proceedings.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge