IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN N. BAKER, | : | No.  4:CV-05-281 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JEFFREY A. BEARD, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**October 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Brian N. Baker ("Plaintiff" or "Baker"), a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 ("§ 1983") action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 8, 2005.  (<u>See</u> Rec. Doc. 1).  The case was referred to Magistrate Judge J. Andrew Smyser for preliminary review.

On April 29, 2005, Defendant Newton filed a Motion to Dismiss the complaint or alternatively for Summary Judgment, a statement of undisputed material facts, and a brief in support of his Motion.  The same day, Defendant Newton filed a Motion to Submit an Exhibit Appendix to his Motion to Dismiss or

1

for Summary Judgment under seal, which the Magistrate Judge granted as per a July

14, 2005 Order.  (Rep. & Rec. at 4-5; Rec. Doc. 51).   On July 22, 2005,

Defendant Newton filed his appendix exhibit under seal and filed a redacted Motion

to Dismiss or for Summary Judgment.  The redacted Motion to Dismiss or for

Summary Judgment has been briefed by the parties and is therefore ripe for

disposition.

On September 13, 2005, Magistrate Judge Smyser issued a report

recommending that Defendant Newton's Motion to Dismiss or for Summary

Judgment (doc. 25) be denied as moot, and that Defendant Newton's redacted

Motion to Dismiss or for Summary Judgment (doc. 54) be granted in part and

denied in part.  The Magistrate Judge recommends that Defendant Newton's

redacted Motion to Dismiss be denied but that Defendant Newton's redacted

Motion for Summary Judgment be granted.  He also recommends that the case be

remanded for further proceedings.  (See Rep. & Rec. at 19-20).

Objections to the report were due on September 30, 2005 and to date none

have been filed.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it.

2

See Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit,
however, "the better practice is to afford some level of review to dispositive legal
issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.
1987).  When a district court accepts a magistrate judge's report, the report
becomes the judgment of the court.  Id.

In considering a motion to dismiss, a court must accept the veracity of a
plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also
White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d
63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in
considering a motion to dismiss based on a failure to state a claim argument, a
court should "not inquire whether the plaintiffs will ultimately prevail, only whether
they are entitled to offer evidence to support their claims."  Furthermore, "a
complaint should not be dismissed for failure to state a claim unless it appears
beyond doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);
see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

Summary judgment is appropriate if "there is no genuine issue as to any
material fact and . . . the moving party is entitled to judgment as a matter of law."
FED .R. CIV. .P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335,

340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  <u>Young v. Quinlan</u>, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  <u>See</u> <u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  <u>Id</u>. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  <u>Celotex Corp.,</u> 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon

4

conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material." Id. at 248.  A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

We initially note that the Magistrate Judge correctly denied Defendant

5

Newton's original Motion to Dismiss or for Summary Judgment as moot because

Defendant Newton filed a redacted Motion.  Second, in addressing Defendant

Newton's redacted Motion to Dismiss, we are in agreement with the Magistrate

Judge that accepting Plaintiff's allegations as true and drawing all reasonable

inferences in the light most favorable to Plaintiff, as we must when deciding a

Motion to Dismiss, the complaint states an Eighth Amendment claim against

Defendant Newton.[1]  (Rep. & Rec. at 7-11).  Finally, in addressing Defendant

Newton's redacted Motion for Summary Judgment, the Magistrate Judge accurately

submitted that the undisputed facts support Defendant Newton's contention that he

exercised his professional judgment in reviewing Plaintiff's chart, in clearing

Plaintiff for placement in the SMU, and in weaning Plaintiff off the medication

Ativan.[2]  Id. at 14-17; Brown, 903 F.2d at 278.  Moreover, we find that Plaintiff has

---

[1] As the Magistrate Judge submitted, construed liberally, a reasonable interpretation of
Plaintiff's allegations is that Defendant Newton refused to provide Plaintiff with previously prescribed
medication, not because he determined that such medication was not necessary, but merely because
Plaintiff was housed in the Special Management Unit ("SMU").  (Rep. & Rec. at 11).  We are in
agreement with the Magistrate Judge's assessment that if Plaintiff were able to prove that Defendant
Newton did not exercise professional judgment in refusing to provide medication, but refused to
provide medication merely because Plaintiff was housed in the SMU, he may be able to establish an
Eighth Amendment claim against Defendant Newton.  Id.; see also Brown v. Borough of
Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("While the distinction between deliberate
indifference and malpractice can be subtle, it is well established that as long as a physician exercises
professional judgment his behavior will not violate a prisoner's constitutional rights.").

[2] We do note that as the Magistrate Judge explained, Plaintiff failed to file a response to
Defendant Newton's Redacted Statement of Undisputed Facts.  Accordingly, pursuant to Local Rule

failed to present any evidence that would support an inference that Defendant

Newton acted with deliberate indifferent to a serious medical need of Plaintiff.  <u>Id.</u>

at 17.

Because we find no error in Magistrate Judge Smyser's report and

recommendation and, because no objections have been filed, we will adopt the

report as our own.  Defendant Newton is entitled to summary judgment on

Plaintiff's Eighth Amendment claim.  In addition, as Plaintiff has not presented any

evidence that Defendant Newton was involved in any conspiracy to place him in the

SMU in retaliation for filing grievances or complaints, Defendant Newton is also

entitled to summary judgment on that claim.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.   Magistrate Judge Smyser's Report and Recommendation (doc. 73) is

     adopted in its entirety.

2.   Defendant Newton's Motion to Dismiss or for Summary Judgment

     (doc. 25) is DENIED AS MOOT.

3.   Defendant Newton's Redacted Motion to Dismiss or for Summary

     Judgment (doc. 54) is granted in part and denied in part to the

---

56.1, the material facts set forth in Defendant Newton's Redacted Statement of Material Facts are
deemed admitted for purposes of Defendant Newton's redacted Motion for Summary Judgment.
Local Rule 56.1; Rep. & Rec. at 13.

following extent:

    i.      Defendant Newton's Motion to Dismiss is DENIED.

    ii.     Defendant Newton's Motion for Summary Judgment is

       GRANTED.

4.     The case and any pending motions filed in the case sub judice are

remanded to Magistrate Judge Smyser for further proceedings.


                s/ John E. Jones III
                John E. Jones III
                United States District Judge