IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN N. BAKER, | : | No. 4:CV-05-281 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JEFFREY A. BEARD, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**January 3, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Brian N. Baker ("Plaintiff" or "Baker"), a prisoner proceeding pro se, commenced this 42 U.S.C. § 1983 ("§ 1983") action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 8, 2005. (See Rec. Doc. 1). The case was referred to Magistrate Judge J. Andrew Smyser for preliminary review.

On October 21, 2005, we adopted Magistrate Judge Smyser's Report and Recommendation in which we denied as moot Defendant Newton's Motion to Dismiss or for Summary Judgment (doc. 25) and granted Defendant Newton's redacted Motion for Summary Judgment (doc. 54). We then remanded the case sub judice to the Magistrate Judge.

1

Currently pending before the Court are objections to the Magistrate Judge's September 13, 2005 Report and Recommendation filed by Plaintiff on October 24, 2005 but signed by him and dated September 25, 2005.  (Rec. Doc. 80).  With his objections, Plaintiff filed two other documents with the Court on October 24, 2005, but which he also signed and dated September 25, 2005.  Plaintiff filed a letter and a "Statement of Material Facts in Dispute Opposing Defendant Andrew O. Newton's Redacted Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment, Local Rule 56.2."  (Rec. Docs. 81, 79).  Finally, Defendant Newton filed a brief in opposition to Plaintiff's objections.

For the reasons that follow, we will reaffirm our prior ruling adopting the Magistrate Judge's Report and Recommendation.

**DISCUSSION:**

As a pro se prisoner, Plaintiff is entitled to the prisoner mailbox rule which means a document is deemed filed when it is deposited in the prison mailbox.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); United States v. Fiorelli, 337 F.3d 282, 289 (3d Cir. 2003) (quoting In re Flanagan, 999 F.2d 753, 759 (3d Cir. 1993)) ("[T]he prison mailbox is essentially 'an adjunct of the clerk's office,' and a jurisdictionally sensitive document is deemed filed on deposit."); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (holding pro se prisoner's habeas

petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court). Accordingly, Plaintiff's objections are deemed filed on September 25, 2005. As this is within the deadline for such a filing, we will therefore consider Plaintiff's objections in this narrative.

We note that when objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

After a careful review of Plaintiff's objections, we find that they are merely a rehashing of arguments previously asserted by Plaintiff and considered by the Magistrate Judge in his September 13, 2005 Report and subsequently by this Court

in our October 21, 2005 Order.[1]  As we explained in our October 21, 2005 Order, the undisputed facts support Defendant Newton's contention that he exercised his professional judgment in reviewing Plaintiff's chart, in clearing Plaintiff for placement in the SMU, and in weaning Plaintiff off the medication Ativan.  (Rec. Doc. 78 at 6).  We additionally concurred with the Magistrate Judge that Plaintiff failed to present any evidence that would support an inference that Defendant Newton acted with deliberate indifference to a serious medical need of Plaintiff and that Defendant Newton was involved in a conspiracy to place Plaintiff in the SMU in retaliation for filing grievances or complaints.  Id. at 6-7.  Plaintiff's objections, which consist of three numbered paragraphs that address the Magistrate Judge's September 13, 2005 Report, fail to set forth any basis for the Court to alter our October 21, 2005 Order.  Plaintiff's objections do not warrant further discussion in light of the review we already afforded this case in issuing our prior Order.

---

[1] Plaintiff filed a "Statement of Material Facts in Dispute Opposing Defendant Andrew O. Newton's Redacted Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment, Local Rule 56.2" with the Court on October 24, 2005 and asserts that they be considered by the Court.  As we explained in our October 21, 2005 Order, Plaintiff's failure to file a response to Defendant Newton's Redacted Statement of Undisputed Facts dictates that the material facts set forth in Defendant Newton's Redacted Statement of Undisputed Facts be deemed admitted for purposes of Defendant Newton's Redacted Motion for Summary Judgment pursuant to Local Rule 56.1.  (Rec. Doc. 78 at 6-7, n.1).  Plaintiff's response to Defendant Newton's Redacted Statement of Undisputed Facts is untimely and will accordingly not be considered by the Court.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Having considered Plaintiff's objections, we again adopt Magistrate Judge Smyser's Report and Recommendation (doc. 73) for the reasons set forth in the Magistrate Judge's Report, this Court's October 21, 2005 Order, and the instant Memorandum and Order.

2. Defendant Newton's Motion to Dismiss or for Summary Judgment (doc. 25) is DENIED AS MOOT.

3. Defendant Newton's Redacted Motion to Dismiss or for Summary Judgment (doc. 54) is granted in part and denied in part to the following extent:

    i.  Defendant Newton's Motion to Dismiss is DENIED.

    ii. Defendant Newton's Motion for Summary Judgment is GRANTED.

4. The case and any pending motions filed in the case sub judice are remanded to Magistrate Judge Smyser for further proceedings.

s/ John E. Jones III<br>
John E. Jones III<br>
United States District Judge