IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN N. BAKER, | : | No. 4:CV-05-281 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| JEFFREY A. BEARD, <u>et al.</u>, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**June 20, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Brian N. Baker ("Plaintiff" or "Baker"), a prisoner originally proceeding *pro se*, commenced this 42 U.S.C. § 1983 ("§ 1983") action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 8, 2005.[1] (<u>See</u> Rec. Doc. 1). The case was referred to Magistrate Judge J. Andrew Smyser for preliminary review.

On January 26, 2006, the Corrections Defendants[2] filed a Motion for

---

[1] On February 3, 2006, Thomas B. Schmidt, III, Justin G. Weber, and Natalie Grill Einsig entered their appearances as counsel on behalf of the Plaintiff.

[2] We will refer to the following Defendants as the "Corrections Defendants," as did the Magistrate Judge in his report: Jeffrey A. Beard, Donald Kelchner, Robert Marsh, Jr., Blaine Steigerwalt, Richard Southers, K.D. Kyler, Frederick Wawrose, J. L. Grace, A.S. Williamson, and R.M. Lawler.

Summary Judgment pursuant to Fed.R.Civ.P. 56 ("the Motion"), which has been briefed by the parties. On May 1, 2006, Magistrate Judge Smyser issued a report recommending that the Corrections Defendants' Motion be granted because of Plaintiff's failure to exhaust administrative remedies. (Rep. & Rec. at 1-2). On May 15, 2006, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, to which the Corrections Defendants replied on June 1, 2006. (Rec. Docs. 109, 112). Plaintiff then filed a reply brief on June 15, 2006. (Rec. Doc. 113).

**STANDARD OF REVIEW:**

We initially note that summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a

genuine issue of material fact.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  <u>Id.</u> at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  FED. R. CIV. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  <u>Celotex Corp.</u>, 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  <u>Pastore v. Bell Tel. Co. of Pa.</u>, 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."  <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992), <u>cert. denied</u>, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**

The Magistrate Judge provided a detailed rendition of the factual background that precipitated Plaintiff's original complaint. Accordingly, to summarize, Plaintiff alleges that the Corrections Defendants conspired against him by placing him in the Special Management Unit ("SMU") in retaliation for his filing of grievances against them, and that he has been denied due process because the conditions in the SMU are more restrictive and less humane than the conditions in the Restricted Housing Unit ("RHU") from which he was transferred. (Rep. & Rec. at 2-4). Plaintiff also alleges that the Corrections Defendants have violated and continue to violate his Eight Amendment rights by manifesting a deliberate indifference to his serious mental health needs. Id. at 2-3. This claim emanates from the fact that Plaintiff allegedly has not received psychological or psychiatric treatment in the SMU, that prescribed medicines were discontinued upon his placement in the SMU, and that his requests for treatment and reinstatement of his medications have been denied. Id. at 2. Finally, Plaintiff alleges that his due process rights were further violated by being placed in the SMU because there are no prescriptive programs available to SMU inmates, parole is automatically denied when prescriptive programs are not completed, prison officials do not recommend parole for any SMU inmate, and because the Pennsylvania Board of Probation and

Parole does not consider SMU inmates for parole.  Id. at 4.

Corrections Defendants filed a Motion for Summary Judgment regarding these allegations, which was granted by Magistrate Judge Smyser in his Report and Recommendation of May 1, 2006.

**DISCUSSION:**

As their sole basis for summary judgment, Corrections Defendants contend that the Plaintiff has failed to exhaust available administrative remedies,[3] as required by statute.[4]  Failure to exhaust available administrative remedies is an affirmative defense, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002), that must be pleaded and proven by the Corrections Defendants, Brown v. Croak, 312 F.3d 109,

---

[3] The Pennsylvania Department of Corrections has implemented a three-tiered official Inmate Grievance System. (Rep & Rec. at 7). This system requires an inmate to present his grievance to the Facility Grievance Coordinator for initial review. Id. at 8. The inmate then appeals an unfavorable decision to the Facility Manager. Id. An appeal then can be made to the Secretary's Office of Inmate Grievances and Appeals for final review. Id. According to Tracy Pollock, an administrative officer for the Secretary's Office of Inmate Grievances and Appeals, and as explained by Magistrate Judge Smyser in his report, administrative records indicate that the Plaintiff submitted three grievances that were rejected for final review. (Rec. Doc. 89, Decl. of Pollock at ¶ 5).  Consequently, Pollock concludes that Plaintiff has not exhausted available administrative remedies. Id. at ¶ 9.

[4] 42 U.S.C. § 1997e(a) states the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." While Corrections Defendants note that there is nothing in either the plain text of 42 U.S.C. § 1997 nor in its legislative history that indicates that an affirmative defense of exhaustion can be raised at this juncture of litigation, we deny to infer that these absences mandate a denial of an exhaustion defense.  Rather, we shall look to the precedents of other courts as guidance in disposing of the instant Motion.

111 (3d Cir. 2002). Plaintiff avers that Corrections Defendants have waived this affirmative defense by failing to assert it in their answer to the initial complaint. However, the case from which Plaintiff derives this proposition is factually distinguishable from the case sub judice.[5]

The Third Circuit has traditionally held that the barometer for determining whether a post-answer exhaustion defense can be raised is whether the "opposing party has notice of the defense sufficient to avoid prejudice." Eckhaus v. Conrail, 2003 U.S. Dist. LEXIS 25045, 31 (D.N.J. 2003). While a court may utilize liberal federal pleading standards to permit a defendant to amend his answer to add a previously unpled exhaustion defense, courts have held that raising an affirmative exhaustion defense after proceeding to trial constitutes such prejudice and should not be permitted. Williams v. Runyon, 130 F.3d 568, 574 (3d Cir. 1997); see also

---

[5] Plaintiff cites Allah v. Blaine, 2005 U.S. App. LEXIS 28317 (3d Cir. December 21, 2005), as support for this proposition. While that case similarly involved the failure to plead an exhaustion defense in an answer to a *pro se* complaint filed by an inmate, the defendant prison officers did not assert the exhaustion defense until after the plaintiff's appeal of an unfavorable District Court verdict was remanded to the District Court by the Third Circuit Court of Appeals. The exhaustion defense was denied because "[Corrections Defendants] did not raise the defense of nonexhaustion until after the District Court expended considerable resources adjudicating the merits of several of [the plaintiff's] claims . . . and . . . had expended its resources to adjudicate [plaintiff's] first appeal." Allah v. Blaine, 2005 U.S. App. LEXIS 28317, 5.

Allah is distinguishable from the present case for several reasons. First, in this case, Corrections Defendants raised the affirmative defense of exhaustion at the summary judgment stage, as opposed to after a remand of an appeal as was the case in Allah. Second, the resources expended in the present case do not come close to the pervasive level of expenditures present in Allah.

Hall v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local Union 143, 188 F. Supp. 2d 1013, 1018 (S.D. Ill. 2001).  Corrections Defendants have raised their exhaustion defense at an appropriate point in time since they do so prior to adjudication[6] and since the Plaintiff will not suffer any appreciable prejudice if the Corrections Defendants are permitted to utilize this defense.[7]

Corrections Defendants base their Motion for Summary Judgment upon the above-referenced exhaustion defense.  As previously noted, the Motion should be granted if there exist no genuine issues of material fact regarding Plaintiff's exhaustion of remedies. Although the Plaintiff did not exhaust available administrative remedies prior to filing his complaint, he contends that exhaustion

---

[6] Plaintiff contends that the Corrections Defendants cannot properly plead the affirmative defense of exhaustion because they neglected to raise this defense when they asserted their Motion to Dismiss; however, courts have not found this logic dispositive. "The Court finds that Local 143 has not waived the failure to exhaust affirmative defense by failing to plead it in its initial answer or by failing to argue it in a motion to dismiss. It raised the issue prior to trial and may still properly put the question in issue." Local 143, 188 F. Supp. 2d at 1018.

[7] The affirmative defense of failure to exhaust administrative remedies is permitted even though it was not pleaded in an answer when there is no evidence of bad faith on the part of defense counsel and when there is no prejudice to plaintiff because plaintiff had knowledge of facts upon which that defense was based and notice of the possibility that defense would be asserted.  Van Pier v. Long Island Sav. Bank, 20 F. Supp. 2d 535, 540 n.6 (S.D.N.Y. 1998). First, it is notable that there appears to be no bad faith on the part of defense counsel in the instant case.  Second, "Is the grievance process completed?" was one of the questions present on the §1983 complaint form completed by the Plaintiff.  (Rec. Doc. 1).  We are confident that such a question gave Plaintiff adequate notice that exhaustion of remedies was an important aspect of his claim.  Plaintiff should have thus anticipated that the subject of exhaustion of remedies could be raised during this litigation. Accordingly, we find that Plaintiff suffers no prejudice in permitting Corrections Defendants to use his alleged nonexhaustion as a defense at the summary judgment stage of this litigation.

occurred subsequent to the filing of his complaint. (Rep & Rec. at 10).  However, pursuant to 42 U.S.C. §1997e(a), the Plaintiff is required to exhaust available administrative remedies before filing suit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); see Oriakhi v. U.S., 165 Fed. Appx. 991, 993 (3d. Cir. 2006); see Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002); accord Medina-Claudio v. Rodriquez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 122 (2d. Cir. 2001).  Thus, there is no genuine issue of material fact that Plaintiff failed to abide by the guidelines of 42 U.S.C. §1997e(a) by filing suit prior to the exhaustion of available administrative remedies.  The Corrections Defendants' Motion for Summary Judgment is therefore granted.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (doc. 106) is adopted in its entirety for the reasons cited herein.

2. Defendant's Motion for Summary Judgment (doc. 87) is GRANTED.

3. The Clerk is directed to close the file on this case.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge